IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05cv324

| | |
|---|---|
| CHARLES MCMAHON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| SYNTHRON, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the court on defendant's Motion to Dismiss filed November 3, 2005. Having considered defendant's motion, plaintiff's response, and defendant's reply, the undersigned enters the following findings, conclusions, and recommendation.

**FINDINGS AND CONCLUSIONS**

**I.     Background**

In this action, plaintiff contends that he was unlawfully fired from his employment as defendant's plant manager after 26½ years service based on his age and the fact that a younger plant manager would be paid less. Complaint, at ¶¶ 6-7. Based on such alleged act, plaintiff has asserted claims for: (1) wrongful termination; (2) age discrimination in employment; (3) failure to properly supervise; (4) civil conspiracy; (5) intentional and negligent infliction of emotional distress; (6) punitive damages; and (7) attorney's fees. Defendant has moved to dismiss the third through seventh causes of action under Rule 12(b)(6), Federal Rules of Civil Procedure, contending that plaintiff has failed to state cognizable causes of action.

1

## II.     Standard Applicable to Plaintiff's Motion to Dismiss: **Rule 12(b)(6) Standard**

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiffs' complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001).

While the court accepts factual allegations in the complaint as true and considers the facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept

as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendant's motion, the court has accepted as true the facts alleged by plaintiff in the complaint and will view them in a light most favorable to plaintiff.

## III. Discussion

### A. Plaintiff Third Cause of Action: Failure to Properly Supervise

Neither at common law nor under the Age Discrimination in Employment Act ("ADEA") does a cause of action exist for "failure to properly supervise." No such claim can, therefore, be stated.

To the extent plaintiff is attempting to allege the common law tort of negligent supervision or retention, plaintiff would be required to plead facts sufficient for a jury to return a verdict in his favor on such tort's two essential elements: (1) that an incompetent employee committed a tortuous act resulting in injury to the plaintiff; and (2) that prior to the act, the employer knew or had reason to know of the employee's incompetency. Smith v. First Union National Bank, 202 F.3d 234, 250 (4th Cir. 2000). Plaintiff has not alleged that defendant knew or had reason to know that any employee was incompetent.

The undersigned will, therefore, recommend that plaintiff's third cause of action be dismissed for failure to state a claim.

### B. Plaintiff's Fourth Cause of Action: Civil Conspiracy

The elements of a civil conspiracy are: (1) an agreement between two or more individuals; (2) to do an unlawful act or to do a lawful act in an unlawful way; (3) resulting in injury to plaintiff inflicted by one or more of the conspirators; and (4) pursuant to a common scheme. Privette v. University of North Carolina, 96 N.C.App. 124, 139 (1989).

Unlike the majority of the states, see Stetser v. Tap Pharmaceutical Products, Inc., 165 N.C.App. 1, 17-18 (2004)(collecting cases), North Carolina does not require the pleading or proving of an overt act in furtherance of the civil conspiracy, with the civil conspiracy being complete upon the making of the agreement. See State v. Gallimore, 272 N.C. 528 (1968).

North Carolina does not, however, recognize civil conspiracy as an independent cause of action. Toomer v. Garrett, 155 N.C.App. 462, 483 (2002). Only where there is an underlying claim for unlawful conduct can a plaintiff state a claim for civil conspiracy by also alleging the agreement of two or more parties to carry out the conduct and injury resulting from that agreement. Muse v. Morrison, 234 N.C. 195 (1951).

Plaintiff has not alleged that defendant conspired with "another individual."[1] Instead, plaintiff alleges that "the Defendant through its agents, constituting two or more persons, engage in a scheme . . . to systematically engage in age discrimination . . . ."

First, a corporation can only act through its agents, and acts of corporate agents are acts of the corporation itself. Godfredson v. JBC Legal Group, 2005 WL 1993947 (E.D.N.C. 2005).[2] According to North Carolina trial courts, "[a]lleging that a corporation is conspiring with its agents, officers or employees is accusing a corporation of conspiring with itself." Garlock v. Hilliard, 2000 NCBC 11 at ¶ 26 (Mecklenburg County Super. Ct. Aug. 22, 2000) (Tennille, J.).

Second, while the appellate courts of North Carolina have yet to adopt the intra-

---

[1] The purported affidavit of Peter Bowers is not proper in form and has not been considered. Even if the substance were to be considered, it does not create a cause of action for civil conspiracy inasmuch as it only tends to show that Robert Moore, CEO of defendant, decided to fire plaintiff. Again, a corporation cannot conspire with its officers, agents, or employees. The undersigned has not and will not convert the Motion to Dismiss to one for summary judgment on such an improper filing.

[2] Due to the limits of electronic filing, unpublished decisions are incorporated herein by reference to the Westlaw citation.

corporate immunity doctrine, see Lenzer v. Flaherty, 106 N.C.App. 496, 511-12 (1992), the state trial courts have. See Garlock, supra. Defendant corporation cannot conspire with itself or with its own agents. Guthrie v. Blue Ridge Savings Bank, 114 F.Supp.2d 431 (W.D.N.C. 2000).

The undersigned will, therefore, recommend that defendant's Motion to Dismiss the Fourth Cause of Action be granted.

### C. Plaintiff's Fifth Cause of Action: Intentional and Negligent Infliction of Emotional Distress

#### 1. Intentional Infliction Claim

The elements of the intentional tort are "(1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress." Hogan v. Forsyth Country Club, 79 N.C. App. 483, 488, disc. rev. denied, 317 N.C. 334 (1986). "It is a question of law for the court to determine, from the materials before it, whether the conduct complained of may reasonably be found to be sufficiently outrageous as to permit recovery." Id., at 490. In this case, plaintiff simply contends that his employment was terminated based on unlawful consideration of his age. Such alleged conduct is not an act which "exceed[s] all bounds of decency," West v. King's Dep't Store, Inc., 365 S.E.2d 621, 625 (N.C. 1988); or which could be "'regarded as atrocious, and utterly intolerable in a civilized community,'" Wagoner v. Elkin City School Bd. of Educ., 440 S.E.2d 119, 123 (N.C. Ct. App. 1994) (citation omitted). North Carolina courts will call to task (1) those who engage in primitive and uncivilized behavior in an attempt to impose their prurient will on others or (2) those in positions of authority and responsibility who allow such conduct to occur or continue.

> Rarely will conduct in the employment context rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress.

Wilson v. Southern Nat'l Bank of North Carolina, 1996 WL 445088, at *5 (4th Cir. 1996).

**5**

Allegations of discriminatory discharge simply do not suffice. Swaim v. Westchester Academy, Inc., 170 F.Supp.2d 580, 584 (M.D.N.C. 2001). The undersigned will, therefore, recommend that plaintiff's claim for Intentional Infliction of Emotional Distress be dismissed.

### 2. Negligent Infliction Claim

The essential elements of a claim for negligent infliction of emotional distress include the following:

1. the defendant <u>negligently</u> engaged in conduct;
2. it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress or mental anguish; and
3. the conduct did in fact cause the plaintiff severe emotional distress.

Pardasani v. Rack Room Shoes. Inc., 912 F. Supp. 187, 192 (M.D.N.C. 1996). The only act plaintiff has alleged is the unlawful termination of his employment based on his age, which is by its very nature an intentional act. This manner of pleading negligent infliction has long been held to be insufficient:

> The district court likewise dismissed Mitchell's negligent infliction of emotional distress claim after holding that this tort requires a showing of outrageous conduct. We decline to review that holding because we believe the negligent infliction claim should have been dismissed for a more basic reason: Mitchell's complaint does not allege any negligent acts by Lydall. See Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A., 395 S.E.2d 85, 97 (N.C.1990) ("to state a claim for negligent infliction of emotional distress, a plaintiff must allege that (1) the defendant negligently engaged in conduct, . . ."). Mitchell's complaint contains merely a single, conclusory allegation that Lydall was negligent; the material factual allegations charge nothing but intentional acts by Lydall in failing to accommodate Mitchell's MS condition and in discharging him. Taking these material factual allegations as true and construing them in the light most favorable to Mitchell . . . we must conclude that they do not state a claim for negligent infliction of emotional distress.

Mitchell v. Lydall, Inc., 1994 WL 38703, *3 (4th Cir. 1994). A claim for *negligent* infliction

of emotional distress is, therefore, subject to dismissal when "the material factual allegations charge nothing but intentional acts . . . ." Id.

Inasmuch as plaintiff relies solely on the allegation of intentional age discrimination, the undersigned will recommend that his claim for Negligent Infliction of Emotional Distress be dismissed.

### D. Plaintiff's Sixth Cause of Action: Punitive Damages

As a matter of state law, punitive damages is not a cause of action, but is instead a remedy available in very limited circumstances.

> As a general rule, "[p]unitive damages do not and cannot exist as an independent cause of action, but are mere incidents of the cause of action and can never constitute a basis for it. If the injured party has no cause of action independent of a supposed right to recover punitive damages, then he has no cause of action at all." J. Stein, Damages and Recovery § 195 at 389 (1972). North Carolina follows this general rule of law.

Hawkins v. Hawkins, 101 N.C.App. 529, 532 (1991).In North Carolina,

> punitive damages may be awarded only if a claimant proves that the defendant is liable for compensatory damages and that the defendant is guilty of fraud, malice, or willful or wonton conduct.

Combs & Associates, Inc. v. Kennedy, 147 N.C.App. 362, 374 (2001) (citation omitted). Further, it appears that

> Punitive damages may be awarded against a person only if that person participated in the conduct constituting the aggravating factor giving rise to the punitive damages, or if, in the case of a corporation, the officers, directors, and managers of the corporation participated in or condoned the conduct constituting the aggravating factor giving rise to punitive damages.

Phillips v. Restaurant Management of Carolina, L.P., 146 N.C.App. 203, 215- 16 (2001) (citation omitted). In North Carolina, the aggravating factors that will justify imposition of punitive damages are set forth by statute: "(1) fraud, (2) malice, or (3) willful or wanton conduct." N.C. Gen.Stat. § 1D-15(a).

Finding that plaintiff cannot assert an independent cause of action for punitive

7

damages, the undersigned will recommend that such claim be dismissed. The undersigned will further recommend that plaintiff's claim for punitive damages be deemed a prayer for relief.

### E. Plaintiff's Seventh Cause of Action: Attorney's Fees

As with punitive damages, neither federal nor state law recognizes a cause of action for attorney's fees independent of some statutory authorization.

> Under the general rule, attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule.

Hooper Assocs., Ltd. v. AGS Computers, Inc., 74 N.Y.2d 487 (1989). North Carolina follows this general rule, holding that

> in the absence of statutory authority therefor, a court may not include an allowance of attorneys' fees as part of the cost recoverable by the successful party to an action or proceeding.

Hicks v. Albertson, 284 N.C. 236, 238 (1973). Attorney's fees are allowable under the ADEA:

> Thus, this much is readily apparent--under FLSA, a defendant employer is liable for attorney's fees to a prevailing plaintiff-employee. By virtue of the incorporation of § 216(b), the same holds true for ADEA actions brought by employees against their employer or former employer.

E.E.O.C. v. Clay Printing Co., 13 F.3d 813, 817 (4th Cir. 1994)(citation omitted).

While attorney's fees are not an independent cause of action under federal or state law, plaintiff would be entitled to seek attorney fees if he is successful on his claim under the ADEA. Such independent claim should, therefore, be dismissed, but deemed to be a prayer for relief associated with his ADEA claim.

### IV. Conclusion

The undersigned notes that as to the Second Cause of Action under the ADEA, defendant has not filed a Motion to Dismiss under Rule 12(b)(1). The lack of a motion as to such claim raises some concerns inasmuch as the district court recently found that ADEA was inapplicable to Synthron, Inc., based on the number of employees it had during the time relevant to that case. See Kim v. Synthron, Inc., 1:04cv110 (W.D.N.C. August 11, 2005). Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3). That issue is not before the court at this time, and the court lacks sufficient information to determine the time period relevant to plaintiff's claim of age discrimination or the number of employees at such time. The parties should carefully consider whether plaintiff's ADEA is viable in light of such decision and whether it would be appropriate for the court to exercise its supplemental jurisdiction over the first state-law cause of action - - standing alone - - if it is later determined that subject-matter jurisdiction is lacking as to the only federal claim asserted.

For the reasons discussed above, the undersigned will recommend that plaintiff's third through seventh claims be dismissed as a matter of law and that his claims for punitive

damages and attorney's fees be deemed to be prayers for relief.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that plaintiff's third through seventh claims be **DISMISSED** as a matter of law, and that his claims for punitive damages and attorney's fees be deemed to be prayers for relief.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

**Signed: December 16, 2005**

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge